Artis-Ray: Cash, Jr.
453 South Spring Street
Suite 400 PMB 1211
Los Angeles, CA 90013
(831) 346-2562
artiscashjr@yahoo.com

Plaintiff in Pro Per

**FILED**

CLERK, U.S. DISTRICT COURT

3/28/2025

CENTRAL DISTRICT OF CALIFORNIA

BY _____RYO_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ARTIS-RAY: CASH, JR.,

Plaintiff,

vs.

PENN CREDIT CORPORATION,

Defendant.

CASE NO.: 2:25-cv-01483-MWF-AS

**AMENDED PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PENN CREDIT CORPORATION**

Date:       May 05, 2025
Time:       10:00 a.m.
Judge:      Hon. Michael W. Fitzgerald
**Courtroom:   5A**

TO THE HONORABLE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that on **May 5, 2025, at 10:00 AM**, or as soon thereafter as this matter may be heard in **Courtroom 5A** of the **United States District Court, Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012**, before the Honorable **Michael W. Fitzgerald**, Plaintiff **Artis-Ray Cash, Jr.** will and hereby does move for Default Judgment against Defendant **Penn Credit Corporation**.

1

Plaintiff, Artis-Ray: Cash Jr., respectfully moves this Court, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, for entry of a default judgment against Defendant Penn Credit Corporation. The Clerk has entered default against Defendant on March 26, 2025, as Defendant has failed to plead or otherwise defend this action.

## I. INTRODUCTION

Plaintiff filed this action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA") and other applicable laws on February 21, 2025. Defendant was properly served with the Summons and Complaint on February 26, 2025, and proof of service was filed with the Court. Defendant has failed to respond within the required time period, and as such, default was entered by the Clerk on March 26, 2025. Plaintiff now moves for default judgment against Defendant.

## II. FACTUAL BACKGROUND

Defendant sent Plaintiff a collection letter regarding an alleged debt owed to the Louisiana Department of Revenue. The letter contained multiple violations of the FDCPA and RFDCPA, including but not limited to:

    a. Failure to provide required disclosures under 15 U.S.C. § 1692g(a), including Plaintiff's right to dispute the debt within 30 days.

    b. A false and misleading statement implying that failure to respond constituted an admission of liability, in violation of 15 U.S.C. § 1692g(c) and § 1692e(10).

    c. Failure to clearly disclose accruing interest, in violation of 15 U.S.C. § 1692e(2) (A).

    d. Misrepresentation regarding legal review, in violation of 15 U.S.C. § 1692e(3).

**AMENDED PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PENN CREDIT CORPORATION**

As a result of Defendant's conduct, Plaintiff suffered actual damages, including emotional distress and anxiety related to deceptive collection practices.

### III. LEGAL STANDARD

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, after entry of default by the Clerk, a plaintiff may seek a default judgment. Courts consider factors such as:

- The possibility of prejudice to the plaintiff;

- The merits of the plaintiff's substantive claim;

- The sufficiency of the complaint;

- The sum of money at stake;

- The possibility of a dispute concerning material facts;

- Whether default was due to excusable neglect;

- The strong policy favoring decisions on the merits.

See *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### IV. ARGUMENT

1. **Defendant Was Properly Served and Has Failed to Appear**

   Defendant was served on February 26, 2025, and proof of service was filed. Despite being given ample time to respond, Defendant has not appeared.

2. **Plaintiff Has Stated a Valid Claim**

   Plaintiff's Complaint sufficiently alleges violations of the FDCPA and other applicable laws, and the well-pleaded allegations must be taken as true upon default.

3

**AMENDED PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PENN CREDIT CORPORATION**

3. **Plaintiff is Entitled to Relief**

Plaintiff seeks damages in the total amount of **$80,000**, which consists of the following:

- **Statutory Damages:** $1,000 (Maximum allowed under the FDCPA per violation)

- **Actual Damages:** $24,000 (Including financial harm, credit damage, and other direct losses)

- **Emotional Distress Damages:** $25,000 (For mental anguish, stress, and emotional suffering caused by Defendant's actions)

- **Punitive Damages:** $30,000 (To deter Defendant and others from engaging in similar misconduct)

## V. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a default judgment against Defendant Penn Credit Corporation and award the following relief:

1. Statutory damages in the amount of **$1,000**;

2. Actual damages in the amount of **$24,000**;

3. Emotional distress damages in the amount of **$25,000**;

4. Punitive damages in the amount of **$30,000**;

5. Attorney's fees and costs, if applicable;

6. Any other relief the Court deems just and proper.

Dated: 03/27/2025

Respectfully submitted,

4

**AMENDED PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PENN CREDIT CORPORATION**

1  /s/ Artis Ray Cash Jr

2  Artis-Ray: Cash Jr.

3  Plaintiff, Pro Se

**AMENDED PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT PENN CREDIT CORPORATION**