UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 25-01483-MWF (ASx) | Date:  June 5, 2025 |
| Title:    Artis-Ray Cash Jr. v. Penn Credit Corporation | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: MOTION FOR DEFAULT JUDGMENT, MOTION TO STRIKE, AND MOTION TO DISMISS [13] [14] [19] [22]; ENTRY OF JUDGMENT AGAINST PLAINTIFF

Before the Court are three Motions:

- On March 26, 2025, Plaintiff Artis-Ray Cash filed the Motion for Default Judgment against Defendant Penn Credit Corporation.  (Docket No. 14).  On March 28, 2025, Plaintiff filed an Amended Motion for Default Judgment. (Docket No. 19).  Defendant filed an Opposition on April 8, 2025.  (Docket No. 24).  No Reply was filed.

- On March 27, 2025, Defendant filed the Motion to Strike Request for Default and for Extension of Time to Submit Responsive Pleading (the "Motion to Strike").  (Docket No. 13).  Plaintiff filed an Opposition on March 28, 2025. (Docket No. 21).  Defendant filed a Reply on April 21, 2025.  (Docket No. 29).

- On April 7, 2025, Defendant filed the Motion to Dismiss.  (Docket No. 22). Plaintiff filed an Opposition on April 8, 2025.  (Docket No. 26).  Defendant filed a Reply on May 19, 2025.  (Docket No. 31).

The Motion for Default Judgment and Motion to Strike were noticed to be heard on **May 5, 2025**.  The Motion to Dismiss was noticed to be heard on **June 2, 2025**.

---

**CIVIL MINUTES—GENERAL**                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-01483-MWF (ASx)                            **Date:** June 5, 2025

**Title:**      Artis-Ray Cash Jr. v. Penn Credit Corporation

The Court read and considered the papers on the Motions and deemed the matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearings were therefore **VACATED** and removed from the Court's calendar.

     Though presented as three separate Motions, the issues contained therein are essentially coextensive for practical purposes. That is, for the reasons articulated by Defendant in the Motion to Dismiss, Plaintiff cannot state a claim as a matter of law. Accordingly, even if Defendant has been properly served, Default Judgment cannot be entered, and the Motion to Strike is rendered moot.

     Plaintiff alleges that he received a collections letter from Defendant on November 24, 2021, which violated the Fair Debt Collection Practices Act ("FDCPA") and Rosenthal Fair Debt Collection Practices Act ("RFDCPA") in several ways. (Complaint (Docket No. 1) ¶¶ 7-17). The collections letter was incorporated into the Complaint as Exhibit A. (*Id.*, Ex. A). The collections letter indicates that the request for payment was for taxes owed to the State of Louisiana. (*Id.*). Plaintiff alleges that the letter failed to provide required disclosures (including disclosing that Plaintiff could dispute the debt within 30 days), contained a misleading statement that failure to respond constituted an admission of liability, failed to advise Plaintiff of the accrual of interest, and misrepresented the available legal review. (*Id.* ¶ 8). Plaintiff alleges that the discovery rule applies because he did not discover the violations until February 17, 2025, when he reviewed the letter with counsel. (*Id.* ¶¶ 9-10).

     Regardless of whether the discovery rule applies (although it appears clear that it does not, at least for the federal claim for relief), Plaintiff cannot state a claim because income tax debt is not "debt" or "consumer debt" under the relevant statutes.

     The Court may rely on the content of the collection letter because it was incorporated into the Complaint. "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-01483-MWF (ASx) | **Date:** June 5, 2025 |
| **Title:** Artis-Ray Cash Jr. v. Penn Credit Corporation | |

Under the FDCPA, consumers are protected from certain debt collection practices where "debt" means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

In a similar case, *EL v. Ally Financial Inc.*, No. CV 21-01748-SB (MAAx), 2021 WL 4860047 (C.D. Cal. July 2, 2021), a plaintiff brought a claim under the FDCPA for debt collection practices related to the garnishment of the plaintiff's wages to pay a delinquent state tax debt. There, the court found that income tax debt was not of the type protected under the FDCPA: "[T]he 'debt' directly at issue here does not appear to have been incurred for 'personal, family, or household purposes.'" *Id.* at *1; *see also In re Westberry*, 215 F.3d 589, 591 (6th Cir. 2000) ("[A] tax debt is 'incurred' differently from a consumer debt."). Similarly here, the Court cannot find that the income tax debt owed to the State of Louisiana was incurred for "personal, family, or household purposes."

The RFDCPA was enacted "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1(b). That Act defines "consumer debt" and "consumer credit" to mean "money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." Cal. Civ. Code § 1788.2(f). In turn, a "consumer credit transaction" is "a transaction between a natural person and another person in which property, services, or money is acquired on credit by that natural person from the other person primarily for personal, family, or household purposes." Cal. Civ. Code § 1788.2(e). A "person" for purposes of these provisions is a "natural person, partnership, corporation, limited liability company, trust, estate, cooperative, association, or other similar entity." Cal. Civ. Code § 1788.2(g).

This claim fails as a matter of law for two reasons. First, a sovereign, like the State of Louisiana, is not a "person" or "natural person" to whom a consumer debt may be owed under the RFDCPA based on the above definitions. Second, as with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 25-01483-MWF (ASx) | Date: June 5, 2025 |
| Title: Artis-Ray Cash Jr. v. Penn Credit Corporation | |

FDCPA analysis, income tax debt is not incurred "primarily for personal, family, or household purposes."

Accordingly, the Motion to Dismiss is **GRANTED** as to both claims. For the same reasons, entry of default judgment would be inappropriate, as the Court must consider the merits and sufficiency of Plaintiff's claims in order to award default judgment under Ninth Circuit precedent. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (identifying "the merits of plaintiff's substantive claim" and "the sufficiency of the complaint" as factors to be considered in weighing a motion for default judgment). The Motion for Default Judgment is therefore **DENIED**. The Motion to Strike is **DENIED** *as moot*.

The Court next considers whether to grant Plaintiff leave to amend his claims.

Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend); *Parsittie v. Schneider Logistics, Inc.*, 859 F. App'x 106, 107 (9th Cir. 2021) (unpublished) (same).

Although most of the above factors weigh in favor of amendment, amendment is improper in this case because amendment would be futile. Based on the content of the collection letter attached to the Complaint, Plaintiff cannot bring a plausible claim that the collection effort involves consumer debt. Accordingly, Plaintiff cannot state a claim under either the FDCPA or the RFDCPA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-01483-MWF (ASx) | **Date:** June 5, 2025 |
| **Title:** Artis-Ray Cash Jr. v. Penn Credit Corporation | |

Accordingly, the Motion to Dismiss is **GRANTED** *without leave to amend*, and the action is **DISMISSED**.

IT IS SO ORDERED.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

Parties in court without a lawyer are called "*pro se* litigants." These parties often face special challenges in federal court. Public Counsel runs a free Federal Pro Se Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.